**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HENRY COLBURN, | DOCKET NUMBER |
| Appellant, | SF-3443-14-0446-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: June 4, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Ben Toth</u>, Esquire, Oakland, California, for the appellant.

<u>Philip A. White</u>, Monterey, California, for the appellant.

<u>Michael L. Halperin</u>, Esquire, Monterey, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    Beginning in 2001, the agency employed the appellant as an AD-1701 Assistant Professor in a series of consecutive excepted service appointments with not-to-exceed (NTE) terms of 1 or 2 years. Initial Appeal File (IAF), Tab 13 (Standard Form 50s). The last such appointment was effective March 10, 2013, and had a NTE date of March 9, 2014. *Id.* at 7. In January and February 2014, the agency advised him that his appointment would not be renewed due to performance issues. IAF, Tab 1 at 10-11. The appellant appealed the nonrenewal of his appointment to the Board, arguing that the agency should have placed him in a short-term appointment to address performance issues and that the agency did not properly or sufficiently review his performance. *Id.* at 7. The administrative judge issued an acknowledgment order, which informed the appellant that the Board lacks jurisdiction over the nonrenewal of a term appointment with a definite expiration date, set forth the applicable law and burden of proof, and ordered him to submit evidence and argument regarding jurisdiction. IAF, Tab 2 at 2-4. The appellant responded, arguing that the Board should find jurisdiction

over his removal appeal because: (1) he had been serving under the same appointment for over 12 years and thus qualified as an "employee" with Board appeal rights; and (2) his tenure-track term appointment with unlimited extensions in the Faculty Pay System was analogous to a permanent General Schedule appointment in that incumbents of both can expect continued employment unless they are removed for cause or because of a lack of available work. *See* IAF, Tab 8 at 6-12. The agency responded that the Board lacked jurisdiction to review the appeal because the appellant was removed at the expiration of his term appointment and he was not an employee with appeal rights. IAF, Tab 9 at 8. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, explaining that the termination of or the failure to continue an individual's appointment following the expiration of a term appointment is not an appealable action. IAF, Tab 18, Initial Decision (ID) at 4-5.

¶3      The appellant has filed a petition for review of the initial decision, in which he argues that: (1) he was an "employee" for purposes of Board jurisdiction; (2) his separation was a termination for cause (performance) that the agency deliberately misclassified as a failure to extend; and (3) the agency is abusing its excepted service appointing authority. Petition for Review (PFR) File, Tab 4. The agency has not filed a response to the petition for review.

¶4      To have Board appeal rights under 5 U.S.C. chapter 75, an individual must be an "employee" as defined by section 7511(a)(1)(C)(i) or (ii) and must have suffered an "adverse action." 5 U.S.C. §§ 7511(a), 7512(1), 7513(d). The administrative judge correctly explained, however, that where, as here, an expiration date of an appointment is specified as a basic condition of employment, the expiration of the appointment is not an adverse action appealable to the Board, and there is no further right to federal employment upon expiration of the appointment. *See Endermuhle v. Department of the Treasury*, 89 M.S.P.R. 495, ¶ 9 (2001); *see also Leonard v. Department of the Army*,

78 M.S.P.R. 492, 494 (1998). As such, even if the appellant qualifies as an "employee" within the statutory definition, there is no appealable adverse action because his employment ended on March 9, 2014, upon the expiration of his final NTE appointment. IAF, Tab 13 at 7; *see Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 9 (2010). Accordingly, as correctly determined by the administrative judge, the Board lacks jurisdiction over this appeal.

¶5    The appellant next argues that the termination of his appointment was actually a performance-based removal, over which the Board has jurisdiction, and that the agency has "deliberately mischaracterized" the action as a nonrenewal of his appointment in order to avoid its obligations under Title V. PFR File, Tab 4 at 15-18. The Board has explained, however, that the fact that an agency considers an employee's performance in deciding not to reappoint him fails to establish jurisdiction. *Scott*, 113 M.S.P.R. 434, ¶ 9 (citing *Shelton v. Federal Deposit Insurance Corporation*, 38 M.S.P.R. 303, 306 (1988)).

¶6    Lastly, the appellant argues that the agency is abusing its authority under 5 C.F.R § 213.3101, which allows agencies to make excepted service appointments under certain circumstances, by "subjecting its employees to an endless cycle of time-limited appointments, while also asserting a blanket right not to renew those employees for any reason whatsoever, including for performance." PFR File, Tab 4 at 20-22. The appellant did not raise this argument below, however, and has provided no reason why we should consider it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, even if the appellant's allegation were true, he has failed to point to any authority that would vest the Board with jurisdiction to consider this claim in the absence of an otherwise appealable action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.